## 8891.

### CLOUGH v. WESTERN UNION TELEGRAPH CO.

#### (83 S. E. 916.)

TELEGRAPH COMPANIES. MISTAKE IN TRANSMISSION AND DELIVERY OF MESSAGE. EVIDENCE. DUTY OF ADDRESSEE TO AVOID CONSEQUENCE OF CARRIER'S PROBABLE MISTAKE.

1. EVIDENCE—TELEGRAPHS AND TELEPHONES—ADMISSIBILITY OF CONVERSATION.—In an action against a telegraph company, where it appears that a message delivered by phone was confirmed by delivery of the written message, evidence as to the conversation by phone regarding the message was properly admitted.

2. TELEGRAPHS AND TELEPHONES—ACTION—EVIDENCE—ADMISSIBILITY.— In an action against a telegraph company for mistake in a telegram, where the message was delivered by phone, and the owner of the phone was first called and then called the plaintiff, and was called again and agreed, on demand of the company, to pay the charge for the message, his testimony as to what he heard plaintiff say into the phone as to the probability of a mistake in the message as to the place of origin was properly admitted.

3. TELEGRAPHS AND TELEPHONES — ACTION — WILFUL MISTAKE — EVIDENCE—PUNITIVE DAMAGES.—In an action against a telegraph company for the damages arising from mistake in a telegram, evidence *held* to support punitive damages.

4. TELEGRAPHS AND TELEPHONES—ACTION—MISTAKE—DUTY OF PLAINTIFF—QUESTION FOR JURY.—In an action against a telegraph company for damages arising from mistake in a telegram, the question whether plaintiff used due diligence to avoid the consequences of the mistake was for the jury.

---

FOOTNOTE.—"The presumption that the person who answers a telephone communication is authorized to speak extends only to communications relating to the usual business carried on at the office. But though this presumption may be very slight or strong, according to circumstances, the statements of such person should be admitted in evidence as *prima facie* the statements of one having authority to speak. *Gilliland* v. *So. Ry. Co.*, 85 S. C. 26, 67 S. E. 20, 27 L. R. A. (N. S.) 1106, 137 Am. St. Rep. 861." Notes on conversations by telephone as evidence, 20 Ann. Cas. 705. See also note in 1 Ann. Cases 801, and note in 6 L. R. A. (N. S.) 1180 and 17 L. R. A. 440. As to the right of the addressee of a telegram to recover from the telegraph company damages resulting from his acting upon message changed during transmission, see note in 51 L. R. A. (N. S.) 439. Expense of trip and loss of time as element of damages in action against telegraph company, see note in 52 L. R. A. (N. S.) 118. See full note on recovery of damages for mental anguish in telegraph cases in 49 L. R. A. (N. S.) 206 to 336.

Before SHIPP, J., Newberry, November, 1913. Affirmed.

Action by W. C. Clough against Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Messrs. Hunt, Hunt & Hunter,* for appellant, submit: *Error to admit testimony as to the telephone conversation with defendant's office:* 55 S. W. 495, 6. L. R. A. (N. S.) 1180. *Nonsuit should have been granted because of addressee's failure to use reasonable diligence to avoid damage from suspected mistake:* 91 S. C. 22; 87 S. C. 320; 140 Fed. 315; 90 S. C. 512; 69 S. C. 539; 75 S. C. 355; 83 S. C. 451. *Nonsuit should have been granted as to action for punitive damages:* 83 S. C. 22; 75 S. C. 129; *Ib.* 512; 84 S. C. 483; 90 S. C. 512; 24 Fed. 119.

*Messrs. Blease & Blease,* for respondent, cite: *As to telephone communication:* 85 S. C. 36. *As to nonsuit:* Code Civil Proc., sec. 216. *Mental anguish:* 72 S. C. 523. *Defendant's testimony supplied any missing theretofore:* 63 S. C. 567. *And the entire evidence was for the jury:* 65 S. C. 436; 87 S. C. 176. *Duty of carrier to explain mistake:* 88 S. C. 394. *Prima facie evidence of negligence:* 87 S. C. 235. *Presumption of negligence:* 83 S. C. 215. *Plaintiff's diligence a question for jury:* 73 S. C. 385. *Evidence sustains punitive damages:* 93 S. C. 182; 65 S. C. 438; 95 S. C. 166; 91 S. C. 486; 72 S. C. 354; 73 S. C. 385; 90 S. C. 539; 75 S. C. 522. *Question whether verdict was excessive was for trial Court:* 88 S. C. 391.

July 17, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for a mistake in the transmission of a telegram.

The plaintiff's brother, Henry Clough, was working in a cotton mill in Walterboro, S. C. The plaintiff, W. C. Clough, lived at Newberry, S. C. Henry had a little son, Edward, who died at his father's home at Walterboro. Henry sent to the plaintiff the following telegram: "Edward is dead. Come if you can." In the transmission, the word "Walterboro" was changed to "Waterloo." The plaintiff lived beyond the delivery limits of the Newberry office, but the defendant found out that it could probably reach the plaintiff over the phone, and called W. S. Parker and asked for the plaintiff. Mr. Parker replied that he did not know where the plaintiff was just at that moment, but would send for him. In a short time the plaintiff came to the phone and received a message over the phone and went to the defendant's office and got the written message, and it was the same as the message received over the phone. The plaintiff went to Waterloo and not to Walterboro and thereby failed to attend the funeral.

The defendant made a motion for a nonsuit, for a direction of a verdict and for a new trial, all of which was refused. The judgment was for the plaintiff and the defendant appealed upon twelve exceptions. The appellant does not discuss the exceptions separately, and this Court will not.

The first question is in reference to the conversation over the phone. Both the plaintiff and Mr. Parker were allowed to testify in reference to it. Judge Shipp was exceedingly careful about the admission of the testimony of these witnesses. He did not allow the testimony until there was evidence that the message received over the phone was confirmed by the written message received at the defendant's office. That was sufficient to admit the testimony of the plaintiff.

Mr. Parker was allowed to state that in that conversation, properly admitted, he heard the plaintiff say into the phone that there must be a mistake in the place from which the telegram came. Mr. Parker was not an entire stranger to that conversation. Mr. Parker was called in the first instance, and then, when the plaintiff came to the phone, Mr. Parker was again called, and it was demanded of him that he would allow the charge for the telegram to be charged to his phone. It was only after Mr. Parker had assumed to pay the charge that the conversation proceeded. Mr. Parker did not testify as to what was said to the plaintiff, but the notice as to a mistake. Both statements are competent and the exceptions that raise these questions are overruled.

The next question is, was there any evidence of wilfulness? There was testimony tending to show that the attention of the defendant was called to the probable mistake in the telegram. That the mistake could easily have been discovered and corrected, and that the defendant made no effort to do so. There was evidence to support punitive damages.

Did the plaintiff use due diligence to avoid the consequences of defendant's mistake? That was a question for the jury. *Doster* v. *Telegraph Co.,* 77 S. C. 61, 57 S. E. 671: "While it was his duty to use reasonable diligence to prevent any damage to himself, and if he could not prevent damage altogether, to minimize it, it was for the jury and not for the Court to say whether under the circumstances the plaintiff unreasonably delayed his start."

Judgment affirmed.